UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO GENERAL INSURANCE
COMPANY,
    Plaintiff,                              Case No.:    04-CV-1485-17-TBM

vs.

CAROL OSTING SCHWINN,
individually and as parent and natural
guardian of CODY OSTING, a minor,
and FREDERICK SCHWINN,
    Defendants.
_____/

**DEFENDANT CAROL OSTING SCHWINNS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

COME NOW the Defendant, CAROL OSTING SCHWINN, individually and as parent and natural guardian of CODY OSTING, a minor, by and through the undersigned counsel, who pursuant to Fed.R.Civ.P. 12(b)(1) moves this Honorable Court to dismiss the instant cause on the grounds that the Court does not have subject matter jurisdiction over the dispute alleged in the Complaint, and as grounds therefore states:

    1.    Plaintiff's Complaint for Declaratory Relief [Dkt. 1] seeks a judicial determination that the Uninsured Motorist (UM) provisions of an insurance policy issued to Defendant Frederick Schwinn afford no coverage for the injuries sustained by Cody Schwinn in a vehicular accident.

    2.    The Complaint purports to invoke the Court's subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states, pursuant to 28 U.S.C.A. §1332.

3. The allegations of the complaint which are relevant to the amount of the matter in controversy are that:

a. The policy has UM limits totaling $50,000 per person and $100,000 per occurrence, after stacking the limits for two vehicles.

b. To date, Cody Osting has received medical care and treatment totaling at least $124,834.00 for his injuries.

c. Plaintiff alleges that the Defendants contend that the matter in controversy exceeds the sum of $75,000.00.

4. Plaintiff's Complaint does not allege that anyone other than Cody Osting sustained personal injuries from the accident.

5. Plaintiff's Complaint does not allege that the Plaintiff has committed bad faith.

6. Plaintiff's Complaint does not allege that there has been a judicial determination of the amount of damages sustained by Cody Osting or the Defendants as a result of the accident.

7. Taken as a whole, the allegations of the Complaint show to a legal certainty that the amount in controversy is the per-person policy limit of $50,000.00. Although Defendants would agree that Cody Osting has suffered losses exceeding $75,000 as a result of the accident, the amount of his damages is not the proper measure of the amount in controversy in this particular action. The justiciable controversy alleged by the Plaintiff in its Complaint only concerns Plaintiff's potential liability under the UM coverage of the insurance policy, which is limited to $50,000. The Complaint does not

allege that any controversy exists which could result in the Plaintiff being held liable for damages in excess of the policy limit.

9. For the foregoing reasons, the amount in controversy does not exceed $75,000 and therefore the Court does not have subject matter jurisdiction under 28 U.S.C.A. § 1332.

## MEMORANDUM OF LAW

A defendant may challenge a district court's subject matter jurisdiction either facially or factually. Seguros Comercial America v. Hall, 115 F.Supp.2d 1371, 1369 (M.D. Fla. 2000). A facial challenge is an attack on the adequacy of the complaint to allege a basis of federal subject matter jurisdiction, whereas a factual challenge permits the Court to consider evidence beyond the pleadings such as testimony and affidavits. Id. This motion is a facial challenge to the Court's subject matter jurisdiction based solely on the allegations of Complaint.

For a federal court to have subject matter jurisdiction over citizens of different states, the amount in controversy exclusive of interest and costs must exceed the sum or value of $75,000. 28 U.S.C.A. §1332(a)(1). This requirement applies to actions for declaratory relief as with any civil action. See Seguros Comercial America, 115 F.Supp.2d at 1376.

In determining the amount in controversy for the purposes of diversity jurisdiction, generally the sum claimed by the plaintiff is controlling if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is actually for less than the jurisdictional amount. State Farm Mut. Auto.

3

Ins. Co. v. Powell, 87 F.3d 93, 96 (3rd Cir. 1996), *quoting* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 - 89 (1938); Seguros Comercial America, 115 F.Supp.2d at 1377, 1381.  When that standard is met, then the cause must be dismissed although the Plaintiff may have claimed a greater amount in good faith.  See Powell (dismissing appeal for lack of diversity jurisdiction where it was clear that the amount in controversy was $50,000, although the plaintiff had claimed that $150,000 was in controversy when it filed its complaint for declaratory relief).

In this matter, it is clear to a legal certainty that the amount placed in controversy by Plaintiff's Complaint is the policy limit of $50,000.  The Complaint requests the Court to determine whether Plaintiff is obligated to pay UM benefits according to the terms of its policy.  The only potential theory of liability that the Plaintiff has asked to address is its contractual liability under the policy.  That liability is capped by the policy limit.  The Complaint does not show a justiciable controversy regarding any other theory of liability which may require Plaintiff to pay more than the policy limit, such as bad faith.

Under the substantive law of Florida, a judgment against a UM carrier may not exceed the policy limit absent a finding of bad faith.  See Allstate Ins. Co. v. Sutton, 707 So.2d 760 (Fla. 2d DCA 1998); Government Employees Ins. Co. v. Robinson, 581 So.2d 230, 231 (Fla. 3d DCA 1991).  Here, the allegations of the Complaint do not show that there is presently a justiciable controversy over whether Plaintiff has committed bad faith.

Furthermore, there could not be any justiciable controversy regarding the existence of bad faith until after the defendants' claim for UM benefits has been litigated to a conclusion.  No cause of action for bad faith may accrue against an insurer until the

4

conclusion of the litigation for UM benefits, because there must first be a determination of liability and the extent of the claimant's damages. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla. 1991); Michigan Millers Mut. Ins. Co. v. Bourke, 581 So.2d 1368, 1369 – 70 (Fla. 2d DCA 1991). In this matter, no suit for UM benefits has even begun, let alone concluded. Although a bad faith claim can become ripe upon the insurer's payment of the UM policy limit in settlement rather than entry of judgment, see Allstate Ins. Co. v. Clohessy, 32 F.Supp.2d 1328, 1331 – 32 (M.D. Fla. 1998), that has not occurred either.

In State Farm v. Powell, State Farm filed an action for declaratory relief seeking a determination of its obligations to its insured, Herbert Powell, under three stacked UM policies with limits of $50,000 each. State Farm maintained that Powell had waived stacking coverage and thus was only entitled to a single policy limit of $50,000, which it paid to him. While the suit was pending, State Farm discovered that one of the three policies was not purchased until after the accident. Therefore only the other two policies were at issue in the declaratory action. Since State Farm had already paid the limit of one of those policies, the Third Circuit held that actual amount in controversy was the $50,000 limit of the other one, which did not meet the threshold for diversity jurisdiction. It refused to include potential arbitration costs in the computation of the amount in controversy. Under the policy, arbitration would only be held if requested by one of the parties, but State Farm's complaint did not allege that it intended to pursue arbitration. Thus, the Third Circuit held that the amount in controversy was determined strictly by the policy limit, and refused to include speculative potential grounds for future liability that had not been put in issue by the complaint. *Compare* Guardian Life Ins. Co. of America

5

v. Muniz, 101 F.3d 93 (11th Cir. 1996) (holding the district court erred in dismissing insurer's action to cancel a life insurance policy for failure to meet the minimum amount in controversy, because the amount in controversy equaled the policy's face value of $100,000).

      Florida courts face a similar issue when determining whether the amount in controversy is sufficient to vest original jurisdiction in the circuit courts of the state. Generally, if the amount in controversy excluding interest, costs, and attorneys fees is $15,000 or less, then jurisdiction lies in the county court; otherwise, it lies in the circuit court. See §§ 26.012(2)(a), 34.01(c) Fla. Stat. (2003). In State Farm Mut. Auto. Ins. Co. v. Wallace, 209 So.2d 719 (Fla. 2d DCA 1968), Mr. and Mrs. Wallace filed a complaint for declaratory relief in the state circuit court, seeking a determination that an auto policy issued by State Farm provided coverage for medical expenses that had been incurred by Mrs. Wallace as a result of an auto accident. The policy limit for medical payments was $500. The Second District Court of Appeal of Florida held that the action could not be maintained as a suit for money damages in the circuit court because the policy limit of $500 did not exceed the threshold amount in controversy for circuit court jurisdiction, which was then $1500. Thus, the appellate court regarded the policy limit as the proper measure of the amount in controversy. Defendants submit that State Farm v. Wallace is persuasive authority because it involved a very similar issue to that raised herein.` of subject matter jurisdiction

      WHEREFORE Defendants pray this Honorable Court dismiss the instant cause for lack of subject matter jurisdiction.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2004, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Dale Swope and Jessica Felix, Esquire,** SWOPE, RODANTE, P.A., 1234 E. 5th Avenue, Tampa, Florida 33605, **B. Richard Young, Esquire**, Young, Bill, Fugett & Roumbos, P.A., 226 S. Palafox Place, 7th Floor, Pensacola, Florida 32502, and **Jason Mulholland, Esquire**, Mulholland Law P.A., 2701 W. Busch Blvd., Suite 202, Tampa, Florida 33618. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participates: **B. Richard Young, Esquire**, Young, Bill, Fugett & Roumbos, P.A., 226 S. Palafox Place, 7th Floor, Pensacola, Florida 32502, and **Jason Mulholland, Esquire**, Mulholland Law P.A., 2701 W. Busch Blvd., Suite 202, Tampa, Florida 33618

                                          **s/ Jessica Felix**
                                          DALE SWOPE
                                          Florida Bar #: 261270
                                          JESSICA FELIX
                                          Florida Bar # 0598127
                                          Attorneys for Defendants
                                          Swope, Rodante P.A
                                          1234 East 5th Avenue
                                          Tampa, Florida 33605
                                          (813) 273-0017
                                          (813) 223-3678