

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GEICO GENERAL INSURANCE
COMPANY,
        Plaintiff,

                                        CASE NO.: 04-CV-1485-17-TBM

vs.

CAROL OSTING SCHWINN,
Individually and as parent and natural
Guardian of CODY OSTING, a minor,
and FREDERICK SCHWINN
           Defendants.
_____/

## DEFENDANT FREDERICK SCHWINN'S MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

      Defendant, FREDERICK SCHWINN, by and through his undersigned counsel and

pursuant to Federal Rule of Civil Procedure 12(b)(1), hereby moves to dismiss this action

based on a lack of subject matter jurisdiction over the dispute alleged in the Complaint, and

in support hereof states:

      1.     The Plaintiff, GEICO GENERAL INSURANCE COMPANY seeks a judicial

determination of its liability for UM benefits under an insurance policy, but has not alleged

any facts which cause the amount in controversy to exceed $50,000.00.

      2.     The Complaint does not establish subject matter jurisdiction based on

diversity of citizenship and an amount in controversy exceeding $75,000.00, as required by

28 U.S.C. §1332.

### MEMORANDUM OF LAW

It is acknowledged that Middle District Local Rule 3.01 requires a legal memorandum, however, in the interest of judicial economy and to conserve the resources of the Court, as well as the parties, Defendant FREDERICK SCHWINN relies on the arguments and legal authority presented in the Motion to Dismiss filed by his Co-Defendant, CAROL OSTING SCHWINN.

While express authority permitting one Defendant to "join" the motion and memorandum filed by a co-defendant was not revealed through research, the premise is consistent with the Rule 1 of the Federal Rules of Civil Procedure which states that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The same purpose is echoed by Middle District Local Rule 1.01 which provides that the Local Rules "shall be employed to provide fairness and simplicity in procedure, to avoid technical and unjustified delay, and to secure just, expeditious and inexpensive determination of all proceedings."

To require Defendant, FREDERICK SCHWINN to reiterate the arguments and citation of authority advanced by Co-Defendant CAROL OSTING SCHWINN would seem to frustrate the notion of simplicity intended by the Rules and promote form over substance.

WHEREFORE, Defendant, FREDERICK SCHWINN respectfully asks this Honorable Court to consider the arguments and authority ably presented on behalf of his Co-Defendant, CAROL OSTING SCHWINN and grant this Motion to Dismiss based the same grounds.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via regular U.S. mail upon Counsel for Plaintiff, B. Richard Young, Esquire of Young, Bill, Fugett & Roumbos, P.A. at 226 S. Palafox Place, 7th Floor, Pensacola, Florida 32502 and Counsel for Co-Defendant Carol Osting Schwinn, Dale Swope, Esquire of Swope, Rodante, P.A. at 1234 East 5th Avenue, Tampa, Florida 33605 this 31st day of August, 2004.

Respectfully,

Jason Mulholland, Esquire
Florida Bar No.: 174572
Mulholland Law, P.A.
The Financial Center
2701 West Busch Boulevard, Suite 202
Tampa, Florida 33618
(813) 935-8256
(813) 935-8402 facsimile
Attorney for FREDERICK SCHWINN

3