UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO GENERAL INSURANCE
COMPANY,
      Plaintiff,                                    CASE NO.:    04-CV-1485-17-TBM

vs.

CAROL OSTING SCHWINN,
Individually and as parent and natural
guardian of CODY OSTING, a minor, and
FREDERICK SCHWINN,
      Defendants,

and

CAROL OSTING SCHWINN,
Individually and as parent and natural
guardian of CODY OSTING, a minor,
      Counter-Claimant,

vs.

GEICO GENERAL INSURANCE
COMPANY,
      Counter-Defendant.
_____/

**DEFENDANT / COUNTER-CLAIMANT CAROL OSTING SCHWINN'S**
**MOTION FOR SUMMARY JUDGMENT WITH**
**INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant / Counter-Claimant CAROL OSTING SCHWINN, individually and as parent and legal guardian of CODY OSTING, a minor, by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 56(a), who moves this Honorable Court to grant summary judgment in her favor, and in support of her motion states:

1. Plaintiff, GEICO General Insurance Company ("GEICO"), has brought this action for declaratory relief to seek a determination from the Court that there is no coverage under the Uninsured Motorist ("UM") coverage provided in an insurance policy issued by GEICO to Defendants Frederick J. Schwinn and Carol Osting Schwinn for an accident in which Ms. Osting Schwinn's minor son, Cody Osting, was injured. [Dkt. 1, 25].

2. Defendant Carol Osting Schwinn has brought a counter-claim against GEICO seeking a declaration that there is coverage for the subject accident under the UM coverage of the policy issued by GEICO to Defendants, as well as a claim for attorney's fees. [Dkt. 26].

3. The pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that Defendant / Counter-Claimant Carol Osting Schwinn, individually and as parent and natural guardian of Cody Osting, is entitled as a matter of law to a judgment declaring that:

    a. The policy of insurance issued by GEICO to Carol Osting Schwinn provides uninsured/underinsured coverage in the amount of $50,000 per person and $100,000 per occurrence.

    b. Cody Osting was a resident relative insured under the policy of insurance issued by GEICO to Frederick J. Schwinn and Carol Osting Schwinn.

    c. The insurance policy was in full force and effect on May 7, 2002.

    d. The motorcycle that was operated by Michael D. Rockhill, Jr., and that was involved in a collision with Cody Osting, was an uninsured vehicle,

and thus Cody Osting is entitled to the uninsured motorist coverage available under Policy No. 336-70-38.

## MATERIAL FACTS

4.  The accident in which Cody Osting was injured occurred on May 7, 2002, when Cody Osting was operating a four-wheeled, off-road vehicle, commonly known as an all-terrain vehicle or "ATV," on Narron Lane in Plant City, Florida, and was in a collision with an off-road competition motorcycle, commonly known as a "dirt bike," that was owned by and was being operated by Michael D. Rockhill, Jr. [Dkt. 25, ¶ 15; Deposition of Michael D. Rockhill, Jr., p. 34; Deposition of Carol Osting Schwinn, pp. 30, 54 - 57].

5.  Cody Osting sustained personal injuries in the accident. [Dkt. 25, ¶ 16].

6.  The four-wheeled ATV that Cody Osting was operating at the time of the accident was designed principally for use off public roads, had no tag, had no insurance, and was not licensed for operation upon the public highways by the State of Florida or any other governmental entity. [Dkt. 25, ¶¶ 17, 21; Deposition of Frederick J. Schwinn, p. 35].

7.  The dirt bike that Michael D. Rockhill, Jr. was operating at the time of the accident was designed principally for use off public roads, had no tag, and was not licensed for operation upon the public highways by the State of Florida or any other governmental entity. [Dkt. 25, ¶¶ 22, 26; Deposition of Michael D. Rockhill, Jr., pp. 26, 29].

8.  The dirt bike that Michael D. Rockhill, Jr. was operating at the time of the accident had no liability bond and had no insurance policy with liability limits complying

with the Florida Motor Vehicle Financial Responsibility Law in effect at the time of the accident.  [Dkt. 25, ¶ 25; Deposition of Michael D. Rockhill, Jr., p. 26].

9.  The dirt bike that Michael D. Rockhill, Jr. was operating at the time of the accident was not designed to be used as farm equipment and was not actually used by Mr. Rockhill for farming or any other work purpose.  [Deposition of Michael D. Rockhill, Jr., p. 32].

10.  Narron Lane is a privately-owned, unpaved road that is not owned or maintained by Plant City, Hillsborough County, or the State of Florida.  [Dkt. 25, ¶¶ 27 – 30; Deposition of Michael D. Rockhill, Jr., p. 22; Deposition of Frederick J. Schwinn, p. 30; Deposition of Carol Osting Schwinn, p. 49].

11.  Cody Osting's date of birth is August 15, 1992.  [Deposition of Carol Osting Schwinn, p. 11].

12.  Defendant Carol Osting Schwinn is the biological grandmother of Cody Osting, and she adopted Cody Osting as her son in approximately 1997, 1998, or 1999.  [Deposition of Carol Osting Schwinn, pp. 9, 10, 13 – 14, 27].

13. Defendant Frederick J. Schwinn is the husband of Defendant Carol Osting Schwinn.  [Deposition of Frederick J. Schwinn, p. 13; Deposition of Carol Osting Schwinn, p. 27].

14.  Frederick J. Schwinn, Carol Osting Schwinn, and Cody Osting reside together at 3809 Stanley Road, Plant City, Florida, and they also resided together at that address at the time of the accident.  [Deposition of Cody Osting, p. 4; Deposition of Frederick J. Schwinn, p. 12; Deposition of Carol Osting Schwinn, p. 17; Dkt. 25, ¶¶ 2, 3, 5].

15. GEICO has represented that Exhibit A to its Amended Complaint for Declaratory Relief is a true and correct copy of the policy that is at issue, Policy No. 336-70-38, including the policy's declarations pages. [Dkt. 25, ¶ 8].

16. For the purpose of this motion, it may be assumed that the policy forms that are included in Exhibit A to GEICO's amended complaint, specifically, forms A-70FL (2-98) (entitled "Florida Family Automobile Insurance Policy") and A-45FL(8-00) (entitled "Automobile Policy Amendment"), are true and correct copies of the forms that constitute the insurance policy that GEICO issued to the Defendants, Frederick J. Schwinn and Carol Osting Schwinn, apart from the declarations pages.

17. Although GEICO has represented that Exhibit A to its Amended Complaint for Declaratory Relief [Dkt. 25] includes the declarations pages to the policy, there is nothing in this exhibit that is entitled, labeled as, or otherwise identified as the declarations pages. In place of the actual declarations pages, GEICO has substituted printouts from computer screens that appear to contain data pertaining to the policy at issue. [Dkt. 25, Exh. A]. For the purpose of this motion, Defendant / Counter-Claimant Carol Osting Schwinn does not dispute the accuracy of any of the data that is listed in these computer printouts that are comprehensible to the ordinary reader.

18. A true and correct copy of the actual declarations pages of the policy is attached to the Affidavit of Frederick Schwinn, which is being filed contemporaneously with this motion.

19. The period during which the policy was in effect was December 19, 2001, to June 19, 2002. [Dkt. 25, ¶ 13; Affidavit of Frederick Schwinn].

20. The UM coverage of the policy has limits of $25,000 per person / $50,000 per accident, which is stacked for two insured vehicles. The stacked UM coverage for both insured vehicles is $50,000 per person / $100,000 per accident. [Dkt. 25, ¶ 9; Affidavit of Frederick Schwinn].

21. The provisions of the policy providing UM coverage state, in relevant part,

### SECTION IV – UNINSURED MOTORISTS COVERAGE

\* \* \*

**DEFINITIONS**

\* \* \*

2. "*Insured*" means:

    (a) the individual named in the declarations and his or her spouse if a resident of the same household;
    (b) *relatives* of (a) above if residents of his household;

\* \* \*

6. "*Uninsured auto*" is an auto:

    (a) which has no liability bond or insurance policy applicable with liability limits complying with the Financial Responsibility Law of the *state* in which the *insured auto* is principally garaged at the time of the accident; or
    (b) for which the total of all bodily injury liability insurance available in the event of an accident is less than the damages sustained in an accident by an *insured*;
    \* \* \*
    The term "*uninsured auto*" does not include:

    \* \* \*

    (e) a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

**LOSSES WE PAY**

> Under the Uninsured Motorists coverage we will pay damages for *bodily injury* caused by an accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured auto* arising out of the ownership, maintenance or use of that auto.

[Dkt. 25, Exh. A].

## LEGAL ARGUMENT

22. Cody Osting is an "insured" under the UM coverage of the policy, because Carol Osting Schwinn is named in the declarations page, Cody Osting is a relative of Carol Osting Schwinn, and Cody Osting and Carol Osting Schwinn were residing together at the time of the accident.

23. Even if Frederick Schwinn were the only named insured on the policy, Cody Osting would still be an "insured" under the UM coverage of the policy. Subparagraph (a) of the definition of "insured" includes the spouse of any person listed on the declarations page. Carol Osting Schwinn qualifies as an "insured" under subparagraph (a), as the spouse of Frederick Schwinn. Subparagraph (b) of the definition of "insured" includes "relatives of (a) above if residents of his household." Cody Osting qualifies as an "insured" under subparagraph (b), because he is a relative of Carol Osting Schwinn who resided with her at the time of the accident.

24. The dirt bike that Michael D. Rockhill, Jr. was operating at the time of the accident was an uninsured vehicle under the UM coverage of the policy, because it had no liability bond and had no insurance policy with liability limits complying with the Florida Motor Vehicle Financial Responsibility Law in effect at the time of the accident.

25. The policy language that excludes "a farm-type tractor or equipment designed for use principally off public roads" from the definition of "insured auto" is ambiguous because it may be construed so that the adjective "farm-type" modifies either "tractor" only, or both "tractor" and "equipment designed for use principally off public roads."  In effect, the exclusion can be construed either to apply to all off-road equipment, regardless whether it is farm-type equipment, or to only farm-type off-road equipment.

26. Under Florida law, any ambiguity in a policy shall be resolved in favor of the insured and against the drafter of the policy. Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). Exclusionary clauses must be narrowly construed in favor of coverage. Croom's Transp., Inc. v. Monticello Ins. Co., 692 So. 2d 255, 256 (Fla. 1st DCA 1997).

27. To resolve the ambiguity in the language referring to "a farm-type tractor or equipment designed for use principally off public roads" in favor of the insured, that language shall be construed so that it only applies to equipment designed for use principally off public roads if it is "farm-type" equipment. So construed, the exclusion does not apply to a dirt bike, and consequently a dirt bike is not excluded from the definition of an uninsured vehicle. Allstate Ins. Co. v. Almgreen, 376 So. 2d 1184, 1185 (Fla. 2d DCA 1979), *disapproved on other grounds*, Carguillo v. State Farm Mut. Auto. Ins. Co., 529 So. 2d 276, 278 (Fla. 1988).

28. Because the exclusion for "a farm-type tractor or equipment designed for use principally off public roads" does not apply to the dirt bike that was being operated by Michael D. Rockhill, Jr. at the time of the accident, the dirt bike is an uninsured vehicle for the purposes of the UM coverage of the policy.

29. For the foregoing reasons, Defendant Carol Osting Schwinn respectfully requests the Court to grant summary judgment in her favor, ruling that there is coverage for the subject accident under the UM coverage of the policy.

## MEMORANDUM OF LAW

**A. Standard for Summary Judgment.**

Under Rule 56(c), summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of genuine issues of material fact. See American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 189 F. Supp. 2d 1319, 1320 (M.D. Fla. 2001), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 – 24 (1986). Once the moving party meets this burden, the nonmoving party must go beyond the pleadings and designate specific facts in affidavits, depositions, answers to interrogatories, and admissions, if any, that show a genuine issue of material fact. See American Charities, 189 F. Supp. 2d at 1321.

Issues of material fact are "'genuine' only if a reasonable jury considering the evidence presented could find for the non-moving party." American Charities, 189 F. Supp. 2d at 1321, *quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Material facts are those which will affect the outcome of the trial under governing law. See American

Charities, 189 F. Supp. 2d at 1321. In determining whether a material fact exists, the Court must consider the evidence in a light most favorable to the non-moving party and resolve any doubt about the existence of a material fact against the moving party. See id.

**B. Principles for Construction of Insurance Policies.**

Federal courts must apply state law in construing insurance policies. Travelers Indem. Co. v. PCR Inc., 326 F.3d 1190, 1193 (11th Cir. 2003); Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1186 (11th Cir. 2002).

Under Florida law, the construction of a policy starts with the plain language of the policy, and every provision is given its full meaning and effect. State Farm Fire and Cas. Co. v. Steinberg, 393 F.3d 1226, 1230 (11th Cir. 2004); PCR Inc., 326 F.3d at 1193; Hyman, 304 F.3d at 1186; Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). If the language of the policy is unambiguous, it governs. Steinberg, 393 F.3d at 1230. On the other hand, if the relevant policy language is susceptible to more than one reasonable interpretation, one of which provides coverage and the other which limits or excludes coverage, then the insurance policy is considered ambiguous, and must be interpreted liberally in favor of the insured and strictly against the drafter of the policy. Steinberg, 393 F.3d at 1230; PCR Inc., 326 F.3d at 1193; Hyman, 304 F.3d at 1186; Auto-Owners Ins. Co. v. Anderson, 756 So. 2d at 34. The court must resolve the ambiguity in the policy's language by adopting the reasonable construction that provides coverage, as opposed to the reasonable interpretation that would limit coverage. Travelers Indem. Co. v. PCR Inc., 889 So. 2d 779, 785 – 86 (Fla. 2004).

Exclusionary clauses are construed even more strictly against the drafter than clauses that provide coverage. PCR Inc., 326 F.3d at 1193; Auto-Owners Ins. Co. v. Anderson, 756 So. 2d at 34; Purrelli v. State Farm Fire and Cas. Co., 698 So. 2d 618, 620 (Fla. 2d DCA 1997). Generally, the terms of an exclusionary provision shall be narrowly construed in favor of coverage. Croom's Transp., Inc. v. Monticello Ins. Co., 692 So. 2d 255, 256 (Fla. 1st DCA 1997).

**C. Cody Osting's Status as an Insured Under the Policy.**

Cody Osting is insured under the UM coverage of the policy. The policy's definition of "insured" for the purpose of the UM coverage is:

2.  "*Insured*" means:

    (a)  the individual named in the declarations and his or her spouse if a resident of the same household;
    (b)  *relatives* of (a) above if residents of his household;

[Dkt. 25, Exh. A]. Cody Osting fits this definition because he is the adopted son (and biological grandson) of Defendant Carol Osting Schwinn, and he was residing with Defendant Carol Osting Schwinn at the time of the accident.

In its pleadings, GEICO has denied that the policy was issued to Defendant Carol Osting Schwinn, and has alleged that her husband, Frederick J. Schwinn, is the only named insured on the policy. [Dkt. 25, ¶ 8; Dkt. 29, ¶¶ 6, 10, 21]. GEICO may intend to argue that Cody Osting is not an insured because, according to GEICO, Frederick Schwinn is the only named insured on the policy, and Cody Osting is not related to Frederick Schwinn by blood or adoption. This argument would be erroneous for two reasons. First, Defendant Carol

11

Osting Schwinn's name is listed on the declarations page, so she is a named insured. The declarations pages list the named insureds as "FREDERICK J AND CAROL O SCHWINN." (Affidavit of Frederick Schwinn). Even the computer screen printouts that GEICO has attached to its amended complaint and represented to be the declarations pages lists the names of "FREDERICK J AND CAROL O SCHWINN," in the upper-right corner of the first page of the printouts. [Dkt. 25, Exh. A]. Furthermore, the authenticating affidavit of S. Young, Claims Coverage Underwriter, that accompanies the policy papers that are attached to GEICO's amended complaint represents that the policy was "issued to FREDERICK J AND CAROL O SCHWINN." [Dkt. 25, Exh. A]. Thus, it is clear that Carol O. Schwinn is an individual named in the policy declarations, so Cody Osting is also an insured because he is related to her and he was living with her at the time of the accident.

Second, even if it were true that Frederick J. Schwinn was the sole named insured on the policy, Cody Osting would nevertheless satisfy the policy's definition of "insured" for the purpose of UM coverage. The first part of the definition is, "(a) the individual named in the declarations and his or her spouse if a resident of the same household . . . ." This would include Defendant Carol Osting Schwinn because she is Frederick Schwinn's spouse and resides in the same household as he. The second part of the definition is, "(b) *relatives* of (a) above if residents of his household . . . ." This includes Cody Osting because he is a resident relative of Defendant Carol Osting Schwinn, who meets the criteria under paragraph (a). Therefore, Cody Osting qualifies as an "insured" under the UM coverage of the policy either as a resident relative of Carol Osting Schwinn, who is named in the declarations pages, or as a resident relative of the spouse of Frederick Schwinn, who is indisputably a named insured.

**D. Inapplicability of Exclusion for "Farm-Type" Tractors and Off-Road Equipment.**

The remaining issue is whether the dirt bike that Mr. Rockhill was operating during the accident qualifies as an uninsured vehicle under the policy. GEICO's amended complaint alleges that the dirt bike does not meet the policy's definition of "uninsured auto," because that definition has a clause that excludes "a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads." [Dkt. 25, ¶¶ 34, 35].

The exclusion for "a farm-type tractor or equipment designed for use principally off public roads . . ." is ambiguous. On the one hand, the exclusion may be construed so that "farm-type" only modifies "tractor," so that all off-road equipment would be excluded from the definition of "uninsured auto" regardless of whether it was "farm-type" equipment. Such a construction would exclude Mr. Rockhill's dirt bike from the definition of "uninsured auto," because the dirt bike is designed principally for off-road use. On the other hand, the exclusion may be construed so that "farm-type" modifies both "tractor" and "equipment designed for use principally off public roads." Under that construction, off-road equipment would not be subject to the exclusion unless it is farm-type, off-road equipment. Mr. Rockhill's dirt bike would not fall under that construction of the exclusion because the dirt bike is not designed to be used for farming and was not actually used in the business of farming.

Because the exclusion for "a farm-type tractor or equipment designed for use principally off public roads" is susceptible of two reasonable constructions, one excluding coverage and the other allowing coverage, it is ambiguous. <u>Auto-Owners Ins. Co. v.</u>

Anderson, 756 So. 2d 29, 34 (Fla. 2000).  This ambiguity must be resolved in favor of the insured and against the drafter of the policy by adopting the construction that allows coverage.  Travelers Indem. Co. v. PCR Inc., 889 So. 2d 779, 785 – 86 (Fla. 2004). Therefore, Mr. Rockhill's dirt bike does not fall under the exclusion, and it is an uninsured vehicle under the UM coverage of the policy.

This precise issue was confronted by the Second District Court of Appeal of Florida in Allstate Ins. Co. v. Almgreen, 376 So. 2d 1184 (Fla. 2d DCA 1979), *disapproved on other grounds*, Carguillo v. State Farm Mut. Auto. Ins. Co., 529 So. 2d 276, 278 (Fla. 1988).  The UM policy in that case provided coverage for accidents involving uninsured motor vehicles. The policy's definition of "motor vehicle" had an exclusion that was worded almost identically to the exclusion at issue in the present case, specifically, "a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads." 376 So. 2d at 1185.  Susan Almgreen, the spouse of the named insured, was injured on private property by an unregistered and uninsured motorcycle that was designed for off-road use only.  Mr. and Mrs. Almgreen applied for UM benefits under the policy, but Allstate denied coverage, stating that the off-road motorcycle was excluded from the definition of uninsured motor vehicle.  The Almgreens filed an action for a declaratory judgment, and both parties moved for summary judgment.  The trial court found that the policy was ambiguous as to whether the off-road motorcycle was an uninsured motor vehicle under the policy's definition.  It resolved the ambiguity against Allstate, and ruled that the claim fell within the UM coverage of the policy.

On appeal, the Second District Court of Appeal affirmed. It agreed that the policy's exclusion of "a farm-type tractor or equipment designed for use principally off public roads" was ambiguous, and that the ambiguity had to be resolved in favor of the insured. 376 So. 2d at 1185. The court held:

> We note that the exclusion for "a farm type tractor or equipment designed for use principally off public roads . . ." is ambiguous. The phrase could exclude (farm type tractors), or (equipment designed for off-road use), so as to exclude the injuries to appellees. But the phrase can equally well be taken to mean farm type (tractors or equipment), designed for off-road use. Since the motorcycle at issue is neither a farm tractor nor farm equipment, the latter interpretation of the exclusion would not apply. We are bound to interpret the policy ambiguity in favor of the insured. Stuyvesant Insurance Company v. Butler, 314 So.2d 567 (Fla. 1975). We thus hold that the policy exclusion does not preclude coverage for the uninsured motorcycle below.

Id. The court further held that the term "motor vehicle," which was not defined in the policy, was ambiguous as to whether it included the off-road motorcycle, and that this ambiguity was also required to be resolved in favor of the insured. Id.

The Second District Court of Appeal noted that nothing prohibits an insurer from issuing a policy that provides broader UM coverage than is required by the uninsured motorist insurance statute, section 627.727, Florida Statutes (1977). Id. at 1185 – 86. Because the court held that the policy at issue provided coverage, it declined to address whether the statute required coverage under the facts of that case. Id. at 1186.

The Supreme Court of Florida disapproved Almgreen in part in Carguillo v. State Farm Mut. Auto. Ins. Co., 529 So. 2d 276, 278 (Fla. 1988), but not in any respect that affects Almgreen's applicability to the present case. In Carguillo, the Supreme Court addressed whether a vehicle that is designed primarily for off-road use can be excluded from uninsured motorist coverage. The policy at issue in Carguillo had an exclusion from the definition of

15

"uninsured motor vehicle" which, unlike the exclusion at issue in this case and in Almgreen, unambiguously excluded *all* vehicles that were designed principally for off-road use except when used upon public roads. That exclusion stated:

> An uninsured motor vehicle does not include a land motor vehicle . . . (5) designed for use mainly off public roads except while on public roads.

529 So. 2d at 277. The Supreme Court held that this exclusion was valid, and did not contravene the requirements of the uninsured motorist statute.

Carguillo is distinguishable because the exclusion at issue in that case was worded in a way that unambiguously applied to all off-road vehicles, unlike the exclusion at issue in this case and in Almgreen. The opinion in Carguillo discusses how the Second DCA had held in Almgreen that the exclusion at issue in Almgreen, which referred to "a farm type tractor or equipment . . . ." was ambiguous, and that this ambiguity was to be resolved in favor of including an off-road motorcycle within the definition of an uninsured motor vehicle. The Supreme Court did not express any disagreement with those holdings.

However, the Supreme Court's opinion further notes that the Second DCA's opinion in Almgreen, in *obiter dicta*, went on to reject the proposition that the financial responsibility statute's definition of "motor vehicle" should be looked to in defining the term uninsured motor vehicle under the UM statute. This *dicta* is the only aspect of Almgreen that the Supreme Court disapproved in Carguillo. The Supreme Court agreed instead with a holding of another district court of appeal, State Farm Fire and Cas. Co. v. Becraft, 501 So. 2d 1316, 1317 (Fla. 4th DCA 1986), that the uninsured motorist statute provides an insured with at least as much protection as if the uninsured tort-feasor had complied with the financial responsibility law. Carguillo, 529 So. 2d at 278. However, the Supreme Court also

16

recognized, as the Second District had held in Almgreen, that an insurer may provide more coverage than is required by the UM statute. Id.

At the conclusion of its opinion in Carguillo, the Supreme Court stated, "Accordingly, we approve the decision below and disapprove the decision of the Second District Court of Appeal in Almgreen to the extent that it conflicts with this opinion." Id. However, the only aspect of Almgreen that conflicted with Carguillo was the *dicta* stating that the financial responsibility law's definition of "motor vehicle" should not be read *in pari materia* to the UM statute. Almgreen, 376 So. 2d at 1186. Every other holding of Almgreen was left intact by Carguillo.

Almgreen is the only decision by a Florida appellate court that directly addresses the legal question of whether a policy exclusion for "a farm-type tractor or equipment designed for use principally off public roads . . ." applies to a dirt bike being operated on private property. Almgreen's holding that the exclusion does not apply in that circumstance is the authoritative pronouncement of Florida law on that specific issue and, as such, should be followed by this Court.

When a diversity case is governed by the substantive law of Florida and there is no decision of the Supreme Court of Florida that is sufficiently on point, federal courts must follow decisions of the Florida intermediate appellate courts unless there is a very persuasive indication that the Supreme Court of Florida would decide the issue differently. KMS Rest. Corp. v. Wendy's Int'l, Inc., 361 F.3d 1321, 1325 (11th Cir. 2004); McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir. 2002); Insurance Co. of North America v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991). There is no persuasive reason to believe that the Supreme Court of

17

Florida would disagree with Almgreen's holding that policy language referring to "a farm-type tractor or equipment designed for use principally off public roads . . ." does not apply to a dirt bike being operated on private property. In Carguillo, the Supreme Court of Florida had a perfect opportunity to disapprove of Almgreen in its entirety if it disagreed with all of Almgreen's holdings. Instead, Carguillo only disapproved of the *dicta* in Almgreen that concerned whether the financial responsibility law's definition of "motor vehicle" should be read *in pari materia* to the UM statute. Because the Supreme Court left the remainder of Almgreen's holdings intact, there is no reason to believe it would disagree with those holdings now. This Court should follow Almgreen and hold that the exclusion for "a farm-type tractor or equipment designed for use principally off public roads . . ." does not apply to Mr. Rockhill's dirt bike, and that the dirt bike is an uninsured vehicle for which there is UM coverage under the policy.

**E. Conclusion.**

Cody Osting is an insured under the policy, and the dirt bike that was operated by Michael D. Rockhill, Jr. at the time of the accident is an uninsured vehicle under the UM coverage of the policy. Therefore, Defendant Carol Osting Schwinn respectfully requests the Court to grant summary judgment in her favor ruling that there is coverage for the subject accident under the UM coverage of the policy.

WHEREFORE Defendant / Counter-Claimant Carol Osting-Schwinn prays this Honorable Court will grant summary judgment in her favor.

**CERTIFICATE OF SERVICE**

I hereby certify that on **June 6, 2005**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:   **Dale Swope, Esquire,** SWOPE, RODANTE, P.A., 1234 E. 5th Avenue, Tampa, Florida  33605; **B. Richard Young and Stephen D. Gill, Esquire,** Young, Bill, Fugett & Roumbos, P.A., Post Office Drawer 1070, Pensacola, Florida  32591-1070; and **Jason Mulholland, Esquire,**  Mulholland Law, P.A., 2701 W. Busch Blvd. Suite 202, Tampa, Florida, 33618-4578.

s/ Kathryn Lee
DALE SWOPE
Florida Bar Number:  0261270
KATHRYN LEE
Florida Bar Number:  0675660
SHEA MOXON
Florida Bar Number:  012564
Attorneys for Defendant Osting-Schwinn
Swope, Rodante, P.A.
1234 East 5th Avenue
Tampa, Florida 33605
(813) 273-0017
(813) 223-3678
DaleS@Swopelaw.com
KathrynL@Swopelaw.com
