**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GEICO GENERAL**
**INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                         **Case No. 8:04-cv-1485-T-17TBM**

**CAROL OSTING SCHWINN,**
**Individually, and as parent and**
**natural guardian of CODY OSTING,**
**a minor, and FREDERICK SCHWINN,**

      **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on **Geico General Insurance Company's Motion to Compel Production of Documents and Answers to Interrogatories From Carol Osting and Frederick Schwinn** (Doc. 49). By its motion, Plaintiff seeks an Order compelling both Defendants to produce all documents responsive to its Notice of Taking Videotaped Depositions Duces Tecum served on March 3, 2005, and compelling Defendant Carol Osting Schwinn to produce all documents responsive to its Request for Production served on April 28, 2005, including any an all medical records of the minor Osting, as well as answers to its Interrogatories propounded on April 28, 2005. Both Defendants have filed responses in opposition (Docs. 51-52).

On June 24, 2004, Geico General Insurance Company (hereinafter "Geico") brought this action for declaratory relief seeking a determination from the court that there is no coverage under the uninsured motorist coverage provided in an automobile insurance policy it

issued to Defendants Frederick Schwinn and Carol Osting Schwinn (hereinafter "Mr. and/or

Mrs. Schwinn") for an accident in which Mrs. Schwinn's minor son, Cody Osting,

(hereinafter "the minor Osting") sustained injuries when the 4-wheel off-road vehicle he was

operating collided with a dirt bike driven by Michael D. Rockhill.[1]  (Doc. 1).  Mr and Mrs.

Schwinn brought a counterclaim for declaratory judgment against Geico, seeking a

declaration that there is coverage for the accident under the uninsured motorist coverage of

the same policy.  (Docs. 11-12, 26-27).  On October 8, 2004, the parties filed their Case

Management Report.  (Doc. 8).  On November 19, 2004, the district judge entered a Case

Management and Scheduling Order.  (Doc. 10).  By way of that Order, the district judge set a

discovery deadline of May 6, 2005, and a dispositive motion deadline of June 6, 2005.[2]  See

id.

On March 3, 2005, Geico served its Notice of Taking Videotaped Deposition Duces

Tecum of Mrs. Schwinn and Notice of Taking Videotaped Deposition Duces Tecum of Mr.

Schwinn.  Geico took Mrs. Schwinn's deposition on April 20, 2005, and Mr. Schwinn's

deposition on April 22, 2005.  Neither Mr. or Mrs. Schwinn produced the medical records of

the minor Osting which Geico had requested.  The deposition of Mr. Rockhill was also

conducted on April 22, 2005.[3]  On April 28, 2005, Geico served its first set of Interrogatories

---

[1]On April 21, 2005, Geico filed an Amended Complaint (Doc. 25), the purpose of
which was to correct scriveners' errors, see (Doc. 23).

[2]The Order also stated that the pretrial conference was to be scheduled on 20 days
notice on or after October 10, 2005, and the jury trial was to be scheduled on 20 days notice
on or after January 9, 2006.  (Doc. 10).

[3]Mr. Rockhill testified he was aware of the allegations that the minor Osting had
suffered a brain injury as a result of the accident, but it was his opinion that the minor
Osting's behavior and personality after the accident were essentially unchanged.  He testified
further that the minor Osting had a slow learning capability both before and after the accident.

2

and Request for Production on Mrs. Schwinn.  On May 27, 2005, Mrs. Schwinn responded to those requests.  On August 2, 2005, Geico filed its instant motion to compel.[4]  (Doc. 49).

By its instant motion, Geico first seeks an Order compelling Mr. and Mrs. Schwinn to produce documents it sought in its Notices of Taking Videotaped Deposition Duces Tecum.  In particular, Geico seeks production of "all documents pertaining to the bodily injury claim of Cody Osting, a minor, for the accident that occurred on or about May 7, 2002, ..."  Geico contends that those documents are relevant to the instant action and reasonably calculated to lead to discovery of admissible evidence because the minor Osting's bodily injuries allegedly resulting from the action *a priori* must be shown by the Schwinns in order for this action and their identical counter-action to constitute a "case in controversy" such that the court is vested with jurisdiction to decide the same.  Additionally, Geico contends that at the depositions of Mr. and Mrs. Schwinn, each of their attorneys improperly asserted frivolous objections based on the attorney-client privilege and improperly instructed their clients not to testify about certain relevant medical records in their possession.  It contends further that the Schwinns' counsel asserted improper objections of relevance during Mr. Rockhill's testimony at deposition regarding the minor Osting's "slow learning capability both before and after the accident."[5]

---

[4]It is worth noting that the parties filed cross motions for summary judgment on June 6, 2005.  See (Docs. 30, 33-34).  Those motions are still pending.

[5]Counsel for Mr. Schwinn points out that, "[b]ased on the opinions of Mr. Rockhill, Jr., and nothing else, Geico has apparently hatched a theory that young Cody Osting's $124,834.00 in medical treatment was for some sort of pre-existing condition and not related to his head-on collision with a motorcycle."  (Doc. 52 at 7 n. 2).

In response, Mr. Schwinn argues that the instant motion could have been avoided had counsel conferred prior to filing the motion because he does not have the legal right to produce these records as he is not the natural or adoptive parent or legal guardian of the minor Osting.  Mr. Schwinn also argues that his counsel objected to this at deposition on the ground of relevance, and did not assert attorney-client privilege.  Similarly, Mrs. Schwinn contends that Geico failed to comply with Local Rule 3.01(g), even though it alleged otherwise.  She contends further that the medical records sought were not produced because they were not relevant to the instant declaratory action.  In particular, she states:

> In the Amended Complaint [Dkts. 25], Geico states, at paragraph 16, that "[t]he minor Cody Osting sustained personal injuries from the accident."  Defendant/Counter-Plaintiff Carol Osting Schwinn admitted that this allegation was true.  [Dkt. 26].  Additionally, in [its] Motion for Summary Judgment, Geico General lists the fact that "[t]he minor Osting sustained personal injuries from the accident" as an undisputed fact.  [Dkt.34, para 9].  The fact that all parties admit that injuries were suffered establishes that there is a case or controversy for this Court to consider, and the details of those injuries are not necessary to the resolution of the pending declaratory action.

(Doc. 51 at 7).

Upon consideration, this aspect of Geico's motion is DENIED.  The medical records of Cody Osting are not relevant to the claim or counterclaims brought in this action, each of which is for declaratory judgment.  Moreover, contrary to Geico's argument, the record reveals that the parties do *not* dispute that her son sustained personal injuries in the accident, the insurance coverage of which is the subject of the instant suit for declaratory judgment.  Regarding Geico's assertion of frivolous objections based on the attorney-client privilege, it appears that Geico misstates or misconstrues the objections raised at the Schwinns'

4

depositions.  Notably, no objection on grounds of privilege was asserted by either attorney with regard to the medical records sought, and, as a result, no privilege log was required.

Next, Geico requests an Order compelling Mrs. Schwinn to provide complete answers to its Interrogatories and make full production in connection with its Request for Production, both of which were served on April 28, 2005, and pertain almost entirely to the medical records of the minor Osting.  See (Doc. 49, Exhs. G, H).  Geico contends that Mrs. Schwinn's objections on grounds of timeliness and relevance were "bogus."  Mrs. Schwinn responds that her objections to the discovery were appropriate.[6]  Because denial on the merits is appropriate, the court declines to address the parties' differing accounts of conferencing prior to the filing of the instant motion.

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. Fed. R. Civ. P. 26(b)(1).  Trial courts, however, are given wide discretion in setting the limits of discovery.  Hancock v. Hobbs, 967 F.2d 462, 468 (11th Cir. 1992).  Courts in this district follow the rule that the completion date for discovery set forth in a district court's Case Management and Scheduling Order means that all discovery must be completed by that date. Middle District Discovery (2001) at 3.  "For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond before the discovery deadline.  Untimely discovery requests are subject to objection on that basis." Id.

---

[6]To the extent that Geico directs these aspects of its motion toward Mr. Schwinn, the motion is DENIED.  As Mr. Schwinn points out and Geico recognizes in parts of its pleading, neither the interrogatories or production requests were propounded on Mr. Schwinn.

5

Upon consideration, these aspects of Geico's motions are also DENIED.  First, Geico's discovery requests were untimely as they were not served more than 30 days prior to the May 6, 2005, discovery cut-off date.[7]  As such, denial on this ground alone is appropriate. In any event, for the reasons set forth above, the medical information and documents sought are not relevant in this action for declaratory judgment.[8]  Finally, Geico's request for the fees and costs involved in filing its instant motion is DENIED.[9]

**Done and Ordered** in Tampa, Florida, this 13th day of September 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record

---

[7]The parties also indicated in their Case Management Report that they "will commence all discovery in time for it to be completed on or before May 6, 2005." (Doc. 8 at 4, 7).

[8]This is evidenced further by the fact that the parties' have already filed their motions for summary judgment.

[9]Mr. Schwinn's similar request is also DENIED.